904 So.2d 1137 (2004)
John KEMP, Appellant
v.
STATE of Mississippi, Appellee.
No. 2003-CP-01627-COA.
Court of Appeals of Mississippi.
October 19, 2004.
*1138 John Kemp, attorney for appellant, pro se.
Office of the Attorney General by Charles W. Maris, attorney for appellee.
Before KING, C.J., IRVING and MYERS, JJ.
KING, C.J., for the Court.
¶ 1. John Kemp has appealed an order denying his request for free copies of records by the Oktibbeha County Circuit Court. On April 19, 2002, Kemp pled guilty to two counts of the sale of cocaine. He was sentenced to a term of ten years on count one and ten years on count two in the custody of the Mississippi Department of Corrections. These sentences were to run consecutively. On appeal, Kemp raises the following issue:
Whether the trial court erred by denying his request for records.

FACTS
¶ 2. In July 2001, Kemp was indicted on a multi-count indictment for the sale of cocaine.
¶ 3. In April 2002, a plea hearing was conducted where Kemp, represented by counsel, pled guilty to two of the five charges alleged against him. At the hearing, the trial judge questioned Kemp to determine whether his pleas of guilty were knowingly and voluntarily made.
¶ 4. Based upon Kemp's responses to the court's questions, the trial judge determined that Kemp's pleas of guilty were freely and voluntarily entered.
¶ 5. The State, as part of its plea agreement with Kemp, asked the trial court to retire three of the charges against Kemp to the files and indicated that Kemp was making an open plea as to sentencing. The trial judge retired three of the charges to the files. On count one, Kemp was sentenced to a term of ten years in the custody of the Mississippi Department of Corrections. On count two, Kemp was sentenced to a term of ten years in the custody of the Mississippi Department of Corrections. These sentences were to run consecutively. Kemp was ordered to pay a $5,000 fine on both counts.
¶ 6. On December 16, 2002, Kemp filed (1) a motion to correct sentence, (2) a motion to withdraw guilty plea, and (3) a motion for discovery, court records, and trial transcripts.
¶ 7. The record reveals that on March 21, 2003, Kemp sent a letter to the court indicating that his sentences were "too much time" and asked the court to change his sentences to reflect that they run concurrently instead of consecutively.
¶ 8. On May 8, 2003, the trial judge entered his order denying Kemp's motion to correct sentence and his motion to withdraw guilty plea. The trial judge stated that Kemp made an open plea, where the trial judge agreed with the State's recommendation of retiring Kemp's additional charges to the files. On that same day, the trial judge entered his order denying Kemp's motion for production of records. The trial judge relied on Fleming v. State, 553 So.2d 505 (Miss.1989) and noted that Kemp's action was "an original action for records, and as such is barred."
¶ 9. On June 30, 2003, Kemp sent a letter, along with an affidavit of poverty, to the circuit clerk requesting free copies of records related to his guilty plea hearing. Kemp requested a copy of the indictment, the petition to enter a guilty plea, the *1139 sentencing orders, and the commitment order. On July 2, 2003, the trial judge denied that request and indicated that "this petition be, and the same is hereby dismissed as a frivolous filing without the necessity of a hearing. Any subsequent filings of the same nature will also be considered as frivolous."

ISSUE AND ANALYSIS
Whether the trial court erred by entering an order on July 2, 2003, denying Kemp's request for records.
¶ 10. Kemp contends that the trial court incorrectly treated his request for copies of records as a request for post-conviction relief and erred by denying his request for copies of certain records.
¶ 11. Pursuant to the Mississippi Uniform Post-Conviction Collateral Relief Act, Mississippi Code Annotated Section 99-39-1 et seq. (Rev.2000), a prisoner filing a proper motion, and whose motion has withstood summary dismissal pursuant to Section 99-39-11(2) (Rev.2000), may be entitled to trial transcripts or "other relevant documents under the discovery provisions of § 99-39-15," if good cause is shown and in the discretion of the trial judge. Fleming, 553 So.2d at 506. The Post-Conviction Collateral Relief Act does not give a prisoner the right to initiate or proceed with an independent, original action for free documents where he is not pleased with the trial judge's ruling, "to directly appeal that ruling to this [C]ourt as a separate and independent action." Id. at 506.
¶ 12. Kemp made a request for (1) a copy of the indictment, (2) a copy of the original petition to enter a guilty plea, (3) the sentencing orders, and (4) the commitment order. In May 2003, this request was denied. In his order, the trial judge indicated that Kemp's request for records was barred based on Fleming.
¶ 13. In Fleming, the supreme court noted that where a defendant fails to demonstrate sufficient need, or that the documents sought are necessary to decide a specific issue, the law does not require the state to provide free copies of these documents. Id. at 507. In this case, Kemp requested the above documents in an effort to reduce his sentence from two separate ten-year sentences to concurrent ten-year sentences. Kemp made an open plea which allows the trial judge, in his discretion, to determine the sentence in accordance with the appropriate statute for the crime charged. Law v. State, 822 So.2d 1006(¶ 9) (Miss.Ct.App.2002). It appears from the record that Kemp's sentences were not incorrectly stated but that Kemp would like to have his sentences reduced.
¶ 14. In June 2003, Kemp sent a letter to the circuit clerk of Oktibbeha County requesting free copies of documents. On July 2, 2003, the trial judge entered an order dismissing his request as being frivolous and having been previously ruled upon.
¶ 15. This Court recognizes that the state is not required to furnish documents free of charge where a defendant merely wishes to "conduct a `fishing expedition' for grounds upon which to attack the conviction and sentence." Fleming, 553 So.2d at 507. Therefore, this issue is without merit.
¶ 16. THE JUDGMENT OF THE OKTIBBEHA COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO OKTIBBEHA COUNTY.
BRIDGES AND LEE, P.JJ., IRVING, MYERS, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.