893 So.2d 274 (2005)
Robert James WINSTON, Appellant
v.
STATE of Mississippi, Appellee.
No. 2003-CP-02708-COA.
Court of Appeals of Mississippi.
February 8, 2005.
*275 Robert James Winston, Appellant, pro se.
Office of the Attorney General by John R. Henry, Attorney for Appellee.
Before BRIDGES, P.J., GRIFFIS and ISHEE, JJ.
BRIDGES, P.J., for the Court.
¶ 1. Robert James Winston pled guilty to sexual battery and, subsequently, filed a motion for post-conviction relief in the Circuit Court of Grenada County. The motion was denied without an evidentiary hearing, and Winston has appealed. We find no error and affirm.

FACTS
¶ 2. In December of 2000, Winston was indicted by grand jury on the charge of rape. The State, however, offered him a plea bargain, and on July 24, 2001, Winston entered a plea of guilty in the Circuit Court of Grenada County for the crime of sexual battery. He was subsequently sentenced to serve a term of five years and 227 days, with five years suspended for a period of five years, in the custody of the Mississippi Department of Corrections with five years of post-release supervision and ordered to pay a fine of $500.
¶ 3. The sparse record fails to explicitly apprise this Court of the circumstances compelling the appeal at bar, but from a document included therein, it appears that Winston was arrested for simple assault while under post-release supervision in March of 2003, thereby violating the terms of his probation. Consequently, he was required to serve the remainder of his sentence in the custody of the Mississippi Department of Corrections. Once re-incarcerated, Winston filed, on October 6, 2003, a petition for post-conviction relief in the Circuit Court of Grenada County under Mississippi's Uniform Post-Conviction Collateral Relief Act (UPCCRA). After reviewing the petition and plea transcripts, the circuit court summarily denied the petition.

LAW AND ANALYSIS
¶ 4. Winston appeals pro se from the order of the circuit court denying his petition for post-conviction relief without an evidentiary hearing, and as we have often noted, meritorious claims of pro se petitioners will not be avoided based on inartfully drafted pleadings. Myers v. State, 583 So.2d 174, 176 (Miss.1991). However, post-conviction petitions must meet the dictates of Section 99-39-9 of the Mississippi Code, which requires, in pertinent part, that they include "[a] specific statement of the facts which are not within the prisoner's personal knowledge[,] ... how or by whom said facts will be proven[, and a]ffidavits of the witnesses who will testify and copies of documents or records that will be offered...." Miss.Code Ann. § 99-39-9(1)(e) (Supp.2004).
¶ 5. In his petition, Winston lists the following as the grounds for which he is entitled relief: (a) ineffective assistance of counsel; (b) involuntary plea; (c) newly discovered evidence; (d) unlawful revocation of probation; and (e) violation of due *276 process rights. As facts not within his personal knowledge, Winston states, verbatim, that he "has no knowledge of what results were/are of DNA test. Little was known about counsel's preparation time and efforts of case. Absolutely no knowledge of condom found at crime scene. When victim stated that `She gave accused condom for consented sex. [']" Winston failed, however, to explain how he intended to prove these facts and to include supporting affidavits, documents, and records, but this defect, in itself, is not fatal if the petitioner, in his motion, specifically details "good cause" for such failure. § 99-39-9(1)(e). Winston makes an apparent effort to show good cause by offering the explanation that he is incarcerated and, therefore, has no way of obtaining the required legal documents or affidavits.
¶ 6. Summary dismissal of a petition for post-conviction relief is proper "[i]f it plainly appears" from the record "that the movant is not entitled to any relief...." Miss.Code Ann. § 99-39-11(2) (Rev.2000); Mosley v. State, 749 So.2d 286, 288(¶ 11) (Miss.Ct.App.1999). Winston failed to include with his petition the statutorily required affidavits and documents, and the explanation he offered, i.e., that he was incarcerated, does not demonstrate good cause for the purpose of excusing such failure. See Campbell v. State, 611 So.2d 209, 210 (Miss.1992). Therefore, summary dismissal of Winston's petition was proper, so we cannot hold the circuit court in error.
¶ 7. THE JUDGMENT OF THE CIRCUIT COURT OF GRENADA COUNTY DENYING MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO GRENADA COUNTY.
KING, C.J., LEE, P.J., IRVING, MYERS, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.