¶ 1. Arthur Wildee, a/k/a Arthur Wilde, pled guilty in the Circuit Court of Warren County of one count of murder and two counts of aggravated assault. He later moved to vacate his conviction and sentence, or in the alternative, set aside his conviction and sentence. The Circuit Court of Warren County dismissed the motion, stating that it was a successive application under the Mississippi Post-Conviction Relief Act, and thus barred. Aggrieved, Wildee appeals pro se. Finding no error, we affirm.
 FACTS ¶ 2. Wildee pled guilty and was convicted of one count of murder and two counts of aggravated assault in the Circuit Court of Warren County on March 6, 1981. Wildee was sentenced to life imprisonment in the custody of the Mississippi Department of Corrections. In the case sub judice, Wildee moved to vacate his conviction and sentence or, in the alternative, set aside his conviction and sentence. The record in this case is quite meager, but the trial judge's order dismissing Wildee's motion states that Wildee's motion had previously been ruled on by the court in its orders dated March 5, 1986; September 28, 1987; November 2, 1988; and August 22, 1997. Thus, the circuit court dismissed Wildee's motion, finding that it was barred as a successive writ under the Mississippi Post Conviction Relief Act. Aggrieved, Wildee appeals pro se. Wildee's arguments on appeal are quite difficult to decipher from his brief, but the following issues are mentioned: (1) whether the circuit court erred by applying the successive application bar to his post-conviction relief motion; (2) whether there has been an intervening decision by the United States Supreme Court; (3) whether Wildee was denied due process and equal protection of the law.
 STANDARD OF REVIEW ¶ 3. We will reverse a trial court's decision to deny post-conviction relief only where the decision was clearly erroneous. Kirksey v. State, 728 So.2d 565, 567(¶ 8) *Page 480 
(Miss. 1999) (citing State v. Tokman, 564 So.2d 1339, 1341
(Miss. 1990)).
 ISSUES AND ANALYSIS I. Whether the circuit court erred by applying the successive application bar to Wildee's post-conviction relief motion.
 ¶ 4. Wildee's arguments are for the most part unclear, but his argument concerning the "successive application" bar and his argument concerning "intervening" Supreme Court cases are best discussed together for the sake of efficiency.
 ¶ 5. Mississippi Code Annotated Section 99-39-23(6) (Rev. 2000) states, in relevant part:
 [A]ny order dismissing the prisoner's motion or otherwise denying relief under this chapter is a final judgment and shall be conclusive until reversed. It shall be a bar to a second or successive motion under this chapter. . . . . Likewise excepted from this prohibition are those cases in which the prisoner can demonstrate . . . that there has been an intervening decision of the Supreme Court of either Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence. . . .
Wildee presents no arguments as to why the successive writ bar should not apply in this case beyond the bare assertion that it should not. He mentions the exception in Section 99-39-23(6) for "intervening Supreme Court" cases, and follows by citing several cases, but provides no arguments beyond the citations as to why the cited cases would adversely affect his conviction or sentence. Wildee cites Blakely v. Washington, 542 U.S. 296,124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), followed by a parenthetical stating "the right to have a jury determine punishment and impose the punishment upon the accused." Wildee next cites Ring v.Arizona, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), and mentions the Sixth Amendment in a parenthetical. He then cites Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348,147 L.Ed.2d 435 (2000), followed by a parenthetical stating "proved beyond reasonable doubt." He thirdly cites Jones v. U.S.,526 U.S. 227, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999), followed by a parenthetical stating "sentence of life or death must be submitted to a jury." It is unclear to us what Wildee believes is "intervening" in the cited cases. "It is the appellant's duty to provide authority and support for the issues he presents."Edwards v. State, 856 So.2d 587, 599(¶ 45) (Miss.Ct.App. 2003) (citing Rigby v. State, 826 So.2d 694, 707(¶ 44) (Miss. 2002);Hoops v. State, 681 So.2d 521, 526 (Miss. 1996)). Wildee fails to do so. Merely citing cases without accompanying argument is insufficient. As far as this Court can discern, Wildee appears to be arguing that he had the right, due to these "intervening cases," to have a jury determine his punishment rather than the judge.
 ¶ 6. Our supreme court has stated:
 "[W]e have recognized that a valid guilty plea operates as a waiver of all non-jurisdictional rights or defects which are incidental to trial. We have generally included in this class those [rights] secured by the Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States, as well as those comparable rights secured by Sections 14 and 26, Article 3, of the Mississippi Constitution of 1890."
Anderson v. State, 577 So.2d 390, 391(¶ 4) (Miss. 1991) (citations omitted). "Sentencing is within the complete discretion of the trial court and not subject to appellate review if it is within the limits prescribed by statute." Hoops v.State, *Page 481 681 So.2d 521, 537 (Miss. 1996). A sentence of life imprisonment for murder is within the limits prescribed by statute. Miss. Code Ann. §99-3-21 (Rev. 2000). This argument is therefore without merit.
 ¶ 7. It is also possible, judging from the cases cited, that Wildee is arguing that he was entitled to have a jury determine whether he should be sentenced as a habitual offender. SeeBlakely, 542 U.S. at 301, 124 S.Ct. 2531 ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury"); Ring, 536 U.S. at 589, 122 S.Ct. 2428 ("Capital defendants, no less than noncapital defendants, we conclude, are entitled to a jury determination of any fact on which the legislature conditions an increase in their maximum punishment");Apprendi, 530 U.S. at 477, 120 S.Ct. 2348 (stating that criminal defendants are "indisputably entitle[d] . . . to `a jury determination that [they are] guilty of every element of the crime . . . charged, beyond a reasonable doubt'"). However, each of the cited cases notes that prior convictions are a recognized exception to the requirement of jury determination of enhancing sentencing factors. Ring, 536 U.S. at 600, 122 S.Ct. 2428;Apprendi, 530 U.S. at 482, 120 S.Ct. 2348; Jones,526 U.S. at 243, 119 S.Ct. 1215. Furthermore, as stated above, life imprisonment is a statutorily permissible sentence for murder. In fact, life imprisonment is the only sentence for murder, so there would be no issue for the jury to decide. See Smith v.State, 922 So.2d 43, 46(¶ 8) (Miss.Ct.App. 2006). This issue is thus without merit.
 ¶ 8. We see no clear error in the trial court's writ of the successive application bar to Wildee's post-conviction relief motion. Because none of the cited cases are "intervening" within the meaning of Mississippi Code Annotated Section 99-39-23(6) (Rev. 2000), Wildee's motion did not meet this exception to the successive writ bar. We therefore affirm as to this assignment of error.
 II. Whether Wildee was denied due process and equal protection of the law.
 ¶ 9. Wildee provides no arguments for this issue beyond the bare assertion in his statement of the issues. We can only guess that Wildee argues that these rights were violated by the failure of a jury to determine his sentence. As discussed above, however, that contention is completely without merit.
 ¶ 10. THE JUDGMENT OF THE CIRCUIT COURT OF WARREN COUNTY OFDISMISSAL OF MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALLCOSTS OF THIS APPEAL ARE ASSESSED TO WARREN COUNTY.
KING, C.J., LEE, AND MYERS, P.JJ., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, BARNES AND ROBERTS, JJ., CONCUR.