968 So.2d 951 (2007)
Delron ISSAC a/k/a Delron Isaac, Appellant
v.
STATE of Mississippi, Appellee.
No. 2005-CP-01523-COA.
Court of Appeals of Mississippi.
May 29, 2007.
Rehearing Denied November 6, 2007.
*953 Delron Issac, Appellant, pro se.
Office of the Attorney General by Jeffrey A. Klingfuss, attorney for appellee.
Before KING, C.J., IRVING and ROBERTS, JJ.
ROBERTS, J., for the Court.

SUMMARY OF THE CASE
¶ 1. Delron Isaac pled guilty to aggravated assault as a habitual offender pursuant to Mississippi Code Annotated § 99-19-83 (Rev.2000). Subsequently, the Pike County Circuit Court sentenced Isaac to life imprisonment. Isaac filed a pro se petition for post-conviction relief, but the circuit court declined to conduct an evidentiary hearing and dismissed Isaac's petition. Isaac appeals and, in effect, raises seven issues to attack the habitual offender portion of his sentence:
I. WHETHER ISAAC IS INCARCERATED INCIDENT TO AN ILLEGAL SENTENCE.
II. WHETHER THE CIRCUIT COURT ERRED WHEN IT SENTENCED ISAAC AS A HABITUAL OFFENDER BEFORE THE CIRCUIT COURT GRANTED THE PROSECUTION'S MOTION TO AMEND THE INDICTMENT.
III. WHETHER THE CIRCUIT COURT HEARD SUFFICIENT EVIDENCE TO SENTENCE ISAAC TO LIFE IMPRISONMENT PURSUANT TO MISS. CODE ANN. § 99-19-83.
IV. WHETHER AN ERROR IN ISAAC'S SENTENCING ORDER VOIDS ISAAC'S SENTENCE.
V. WHETHER THE CIRCUIT COURT ERRED WHEN IT SENTENCED HIM AS A HABITUAL OFFENDER WITHOUT IMPANELING A JURY.
VI. WHETHER THE CIRCUIT COURT ERRED WHEN IT DECLINED TO CONDUCT AN EVIDENTIARY HEARING INCIDENT TO ISAAC'S PETITION FOR POST-CONVICTION COLLATERAL RELIEF.
VII. WHETHER THE CUMULATIVE EFFECT OF ERRORS MANDATES REVERSAL.
Finding no error, we affirm.

FACTS AND PROCEDURAL HISTORY
¶ 2. On January 16, 2004, the Pike County Grand Jury returned an indictment against Delron Isaac and charged him with aggravated assault. Isaac originally pled "not guilty" to the charge. On April 1, 2004, the prosecution filed a motion to amend the indictment to include a charge that Isaac qualified for enhanced sentencing as a habitual offender pursuant to Mississippi Code Annotated § 99-19-83 (Miss. 2000).
¶ 3. On April 7, 2005, Isaac withdrew his plea of "not guilty," went before the Pike County Circuit Court, and pled guilty to aggravated assault as a habitual offender. The circuit court accepted Isaac's guilty plea and scheduled Isaac's sentencing hearing for a later date. On May 3, 2004, *954 the circuit court conducted Isaac's sentencing hearing. The circuit court found that Isaac served one year or more incident to two separate sentences and, as such, qualified for enhanced sentencing as a habitual offender. Consequently, the circuit court sentenced Isaac to life imprisonment pursuant to Section 99-19-83.
¶ 4. On May 3, 2005, Isaac filed a pro se petition for post-conviction relief. Isaac raised several issues. Isaac did not take issue with his guilty plea to aggravated assault. Instead, Isaac's issues attacked the habitual offender portion of his sentence. On June 22, 2005, the circuit court denied Isaac's petition without conducting an evidentiary hearing. Isaac appeals.

STANDARD OF REVIEW
¶ 5. In reviewing a circuit court's decision to deny a motion for post-conviction collateral relief, we will not disturb the circuit court's factual findings unless they are clearly erroneous. Boyd v. State, 926 So.2d 233(¶ 2) (Miss.Ct.App.2005). However, we review questions of law de novo. Id.

ANALYSIS
I. WHETHER ISAAC IS INCARCERATED INCIDENT TO AN ILLEGAL SENTENCE.
¶ 6. Isaac submits that the circuit court sentenced him to a twenty-year sentence and then imposed a greater sentence of life imprisonment. According to Isaac, the circuit court impermissibly imposed a definite sentence and then illegally imposed a greater sentence. Isaac cites Davis v. State, 933 So.2d 1014 (Miss.Ct. App.2006) in support of his contention.
¶ 7. Neither Davis nor the record support Isaac's contention. In Davis, this Court affirmed a conviction, yet remanded for clarification of sentence. Id. at (¶ 32). We did so because the appellant in Davis had been convicted of three charges and simply sentenced "to serve ten years." Id. Because the circuit court did not distinguish that sentence among the three charges, we remanded for clarification of sentence. Id. As guidance, we instructed the circuit court "that once a circuit or county court exercises its option to impose a definite sentence it cannot subsequently set that sentence aside and impose a greater sentence." Id. (citations omitted).
¶ 8. Here, the circuit court began to sentence Isaac to a twenty-year sentence, but the prosecutor notified the circuit court that Isaac was being sentenced as a habitual offender pursuant to Section 99-19-83. The circuit court then read the statute and sentenced Isaac to life imprisonment. The circuit court did not impose a twenty-year sentence, adjourn, and then subsequently increase Isaac's sentence. Instead, the circuit court imposed a twenty-year sentence, corrected itself, sentenced Isaac to life imprisonment, and then adjourned. Accordingly, there is no merit to Isaac's first issue.
II. WHETHER THE CIRCUIT COURT ERRED WHEN IT SENTENCED ISAAC AS A HABITUAL OFFENDER BEFORE THE CIRCUIT COURT GRANTED THE PROSECUTION'S MOTION TO AMEND THE INDICTMENT.
¶ 9. Within this issue, Isaac claims, in effect, that the prosecution ambushed him when it amended the indictment to reflect the habitual offender allegation. Isaac pled guilty to aggravated assault on April 7, 2004. According to Isaac, he did not know that the prosecution would amend the indictment when he pled guilty to aggravated assault. Isaac claims that his lawyer did not tell him that the prosecution sought to amend the indictment. *955 Further, Isaac submits that the circuit court improperly let the prosecution amend the indictment after Isaac had already unknowingly pled guilty to aggravated assault. Isaac claims he would not have pled guilty had he been aware of the prosecution's intent to amend the indictment. Isaac cites U.R.C.C.C. 7.09 and claims "[t]he limit of the authority in which the court could exercise in this case was a sentence of zero to twenty years, nonhabitual, since Isaac had been convicted at a time when he was not fully charged as a habitual offender."
¶ 10. The record does not support Isaac's version of events. Rather, the record patently discredits Isaac entirely. The record particularly invalidates Isaac's recollection of the events on the date he pled guilty to aggravated assault.
¶ 11. Prior to Isaac's guilty plea, Isaac took part in discussions in the circuit court judge's chambers. Isaac's court-appointed attorney stated that, on the previous day, Isaac's attorney met with Isaac and explained that the prosecution "had already moved to enhance him as a 1983 habitual." It appears that the prosecution had offered Isaac a plea deal by which he could plead guilty to aggravated assault and that, should Isaac refuse that plea offer, the prosecution would amend the indictment to allege that Isaac was a habitual offender. Isaac did not take the plea offer. True to its word, the prosecution filed a motion to amend the indictment.
¶ 12. It is obvious that Isaac was aware of the habitual offender allegation prior to his guilty plea not only to aggravated assault, but also to his habitual offender status. Isaac was clearly aware of the habitual offender charge. The prosecution noted that it filed the order amending the indictment only after Isaac again refused its plea offer. The following exchange is noteworthy:
THE COURT: Mr. Isaac, it has been announced that you wish to withdraw the not-guilty plea entered earlier and plead guilty to the charge of aggravated assault as a Section 19-83 habitual. Is that your desire? (emphasis added).
DEFENDANT ISAAC: Yes.
As the circuit court noted in its order denying relief, Isaac "was fully and knowingly aware of the habitual status and his sentence." This allegation is entirely meritless.
III. WHETHER THE CIRCUIT COURT HEARD SUFFICIENT EVIDENCE TO SENTENCE ISAAC TO LIFE IMPRISONMENT PURSUANT TO MISS. CODE ANN. § 99-19-83.
¶ 13. Isaac claims the evidence was insufficient to sentence him to life imprisonment pursuant to Section 99-19-83. Isaac bases his argument on the proposition that he never served one year or more incident to two prior convictions. Isaac admits that he had previously been convicted of cocaine possession and sentenced to three years. However, Isaac claims that he was sentenced to six months in the Regimented Inmate Discipline program and that he never served any portion of his three-year sentence. Isaac also notes that the sentence in that case was imposed on May 19, 1999. According to Isaac, at that time he was in prison regarding a separate offense. Isaac concludes that he never served one year or more in a Pike County criminal case styled as criminal cause 15,555-A. Isaac reasons that this Court should void the habitual portion of his sentence.
¶ 14. Yet again, the record does not support Isaac's mistaken or fabricated recollection. During Isaac's sentencing hearing, the prosecution called Brenda Williams as a witness. Ms. Williams testified *956 that, in "Case No. 98-072-KA" Isaac was sentenced to a ten-year sentence with five years to serve and five years on post-release supervision for aggravated assault and possession of a firearm by a convicted felon. Ms. Williams also testified that, incident to "Cause No. 15,555-A," a charge for unlawful possession of cocaine, Isaac was sentenced to "three years and to complete the RID program." However, Ms. Williams then testified that, pursuant to an order clarifying the records, Isaac's requirement to complete the RID program was removed but Isaac was still required to serve a three-year sentence. Ms. Williams also noted that Isaac's sentence in "Cause No. 15,555-A" ran concurrently with his sentence in "Case No. 98-072-KA."
¶ 15. Serving one year or more of concurrent sentences for separate convictions arising out of separate incidents at different time amounts to serving more than one year on each sentence for purposes of the habitual offender statute. Otis v. State, 853 So.2d 856(¶ 11) (Miss.Ct. App.2003). Accordingly, we find no error.
IV. WHETHER AN ERROR IN ISAAC'S SENTENCING ORDER VOIDS ISAAC'S SENTENCE.
¶ 16. In this issue, Isaac claims the sentencing order is void. The style of the sentencing order is titled as "The State of Mississippi v. Delron Isaac." Within the body of the sentencing order, the circuit court refers to Isaac by name four times. However, the sentencing order also references the name "Otis Bonds." Specifically, the sentencing order states:
A sentencing hearing was held and a motion was presented by the State of Mississippi, by and through the District Attorney, pursuant to Rule 7.09 of the Uniform Rules of Circuit and County Court Practice, for entry of an order amending the indictment to assert that the defendant, Otis Bonds, is an [sic] habitual criminal, having been convicted twice previously.
¶ 17. Isaac submits that the sentencing order is void because it references Otis Bonds. The sentencing order refers to Otis Bonds once. It is styled appropriately and it refers to Isaac four times. It is clear that reference to Otis Bonds is a harmless clerical or scrivener's error. We find no reversible error.
V. WHETHER THE CIRCUIT COURT ERRED WHEN IT SENTENCED HIM AS A HABITUAL OFFENDER WITHOUT IMPANELING A JURY.
¶ 18. Isaac asserts that a jury should have decided whether he qualified for enhanced sentencing as a habitual offender. Isaac relies heavily on Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) and Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). In Apprendi, the United States Supreme Court held that criminal defendants are "indisputably entitle[d] . . . to a jury determination that [they are] guilty of every element of the crime . . . charged, beyond a reasonable doubt." 530 U.S. at 477, 120 S.Ct. 2348 (internal quotations omitted). In Blakely, the United States Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the statutory maximum must be submitted to a jury." 542 U.S. at 301, 124 S.Ct. 2531 (emphasis added).
¶ 19. This Court has considered the argument Isaac currently advances. In Wildee v. State, 930 So.2d 478 (Miss.Ct. App.2006), this Court interpreted a PCR petitioner's argument as a contention that "he was entitled to have a jury determine whether he should be sentenced as a habitual offender." Id. at (¶ 7). We recognized *957 that, in Apprendi, "prior convictions are a recognized exception to the requirement of jury determination of enhancing sentencing factors." Id. (citing Apprendi, 530 U.S. at 482, 120 S.Ct. 2348). Accordingly, it was not necessary that a jury determine whether Isaac qualified for enhanced sentencing as a habitual offender. As such, the circuit court did not err when it did not empanel a jury for that purpose.
VI. WHETHER THE CIRCUIT COURT ERRED WHEN IT DECLINED TO CONDUCT AN EVIDENTIARY HEARING INCIDENT TO ISAAC'S PETITION FOR POST-CONVICTION COLLATERAL RELIEF.
¶ 20. Within his brief, Isaac lists the following as a heading, "Trial court erred in failing to conduct [sic] evidentiary hearing where factual issues were present which required [sic] evidentiary hearing." Isaac did not support his contention with any form of argument or authority. Accordingly, this issue is procedurally barred. Brown v. State, 534 So.2d 1019, 1023 (Miss.1988).
VII. WHETHER THE CUMULATIVE EFFECT OF ERRORS MANDATES REVERSAL.
¶ 21. As in the issue directly above, Isaac listed a heading but failed to include an argument. As his heading, Isaac stated, "The Cumulative effect of the denial of due process in sentencing deprived Appellant Issac [sic] of a fair trial, in violation of the 5th and 14th Amendments to the United States Constitution." We find no error in the circuit court, no denial of Isaac's constitutional right to due process, and we certainly find no cumulative effect that would necessitate reversal.
¶ 22. THE JUDGMENT OF THE PIKE COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO PIKE COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND CARLTON, JJ., CONCUR.