KING, C.J.,
 

 for the Court.
 

 ¶ 1. Jimmy Dale Mayhan pled guilty in the Circuit Court of DeSoto County to one count of fondling a child. Mayhan was sentenced to serve ten years in the custody of the Mississippi Department of Corrections (MDOC), with five years of post-release supervision, and ordered to pay a $1,000 fine. Mayhan later filed a motion for post-conviction relief, which the trial court dismissed. Mayhan timely filed this appeal, raising the following issues:
 

 I. Whether he received ineffective assistance of counsel;
 

 II. Whether he entered an intelligent and voluntary guilty plea;
 

 III. Whether the trial court abused its discretion by accepting his guilty plea; and
 

 IV. Whether the trial court abused its discretion by summarily dismissing his motion for post-conviction relief.
 

 Finding no error, we affirm.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. On November 4, 2005, Mayhan was indicted for four counts of fondling a child in violation of Mississippi Code Annotated section 97-5-23 (Supp.1998). On April 26, 2006, Mayhan entered an open Alford
 
 [1]
 
 plea to Count IV of the indictment. Pursuant to the plea agreement, Counts I, II, and III were remanded to the files. The trial court deferred Mayharis sentencing hearing to May 30, 2006.
 

 ¶ 3. At the sentencing hearing, Mayhan was represented by new counsel, who moved to set aside Mayharis guilty plea. Mayhan argued that he felt as if he had no choice but to plead guilty because his previous attorney did not believe that he could win the case for Mayhan and refused to
 
 *1075
 
 help him if he went to trial. The trial court acknowledged that Mayhan was hesitant to enter his guilty plea. However, the trial court found that Mayhan had been thoroughly advised of his rights and understood that he was entering a guilty plea. Therefore, the trial court denied Mayhan’s motion to set aside his guilty plea. Mayhan was sentenced to serve ten years in the custody of the MDOC, with five years of post-release supervision. Mayhan was also ordered to pay a $1,000 fine to the Mississippi Children’s Trust Fund.
 

 ¶ 4. On December 21, 2006, Mayhan filed a motion for post-conviction relief. In his motion, Mayhan stated that the affidavits of several witnesses were attached; however, no affidavits accompanied the motion. In the order dismissing Mayhan’s motion for post-conviction relief, the trial court noted that Mayhan’s new attorney was contacted regarding the missing affidavits. However, no affidavits had been submitted by August 31, 2007, the day on which the trial court ruled on Mayhan’s motion. Finding that Mayhan failed to provide any evidence in support his claims, the trial court dismissed his motion for post-conviction relief.
 

 ¶ 5. Mayhan timely filed his notice of appeal on September 19, 2007. Thereafter, on October 3, 2007, Mayhan filed a motion to reconsider with the trial court, attaching some of the missing affidavits to the motion.
 

 ANALYSIS
 

 ¶ 6. This Court will not disturb a trial court’s dismissal of a motion for post-conviction relief unless it was clearly erroneous.
 
 Williams v. State,
 
 872 So.2d 711, 712(2) (Miss.Ct.App.2004). However, issues of law are reviewed de novo.
 
 Id.
 

 I. Ineffective Assistance of Counsel
 

 ¶ 7. Mayhan argues that he received ineffective assistance of counsel from his first attorney during his guilty plea proceeding. There is a strong but rebuttable presumption that trial counsel was competent and performed within the wide range of reasonable conduct expected from counsel.
 
 Busby v. State,
 
 994 So.2d 225, 227(8) (Miss.Ct.App.2008). To rebut this presumption, the petitioner must show that: (1) trial counsel’s performance was deficient, and (2) that trial counsel’s deficiency prejudiced his defense.
 
 Id.
 
 More specifically, if the petitioner pled guilty on the advice of his trial counsel, he must prove that his trial counsel committed “unprofessional errors of substantial gravity,” without which he would not have pled guilty.
 
 Cole v. State,
 
 918 So.2d 890, 894(10) (Miss.Ct.App.2006).
 

 ¶ 8. Mayhan argues that during his guilty plea proceeding, his first attorney became “lackadaisical” in his desire to defend him. Mayhan claims that his first attorney did not make any preparations for trial, and he insisted that Mayhan enter a guilty plea. Mayhan also contends that his first attorney threatened him and coerced him into entering a guilty plea by telling him that he could be in prison for the rest of his life if he went to trial and was convicted. Mayhan maintains that he wanted to proceed to trial to prove his innocence. However, Mayhan alleges that his first attorney would not assure him that he would defend him if he decided to go to trial. Mayhan asserts that, based on his first attorney’s actions, he had no alternative but to plead guilty; and if it were not for his first attorney’s deficient performance, he would not have pled guilty to the charge.
 

 ¶ 9. The trial court found that Mayhan’s first attorney effectively performed his duties by informing Mayhan of the likely outcome of his case and by informing May-
 
 *1076
 
 han that it would be in his best interest to enter a guilty plea. This Court has held that “[c]ounsel has ‘a duty to fairly ... inform the client of the likely outcome of a trial based upon the facts of the case.’ ”
 
 Robinson v. State,
 
 964 So.2d 609, 612(8) (Miss.Ct.App.2007) (quoting
 
 Daughtery v. State,
 
 847 So.2d 284, 287(6) (Miss.Ct.App.2003)). In this case, Mayhan was charged with four counts of fondling a child. Each count carried a maximum penalty of fifteen years’ imprisonment.
 
 See
 
 Miss.Code Ann. § 97-5-23(1) (Rev.2006). Thus, at fifty-five years old, Mayhan faced a possible sixty-year prison sentence. Based on the foregoing, we find that Mayhan’s first attorney simply informed him of the likely outcome of his case, believing it would be in Mayhan’s best interest to enter a guilty plea.
 

 ¶ 10. In regard to the remainder of Mayhan’s allegations, Mayhan failed to provide the trial court with any evidence or affidavits in support of his allegations before the trial court ruled on his motion. This Court has held that the trial court may dismiss a motion for post-conviction relief if the petitioner fails to submit affidavits in support of his allegations, thereby supporting his position with only his bare assertions.
 
 Hamberlin v. State,
 
 995 So.2d 142, 145-46(11) (Miss.Ct.App.2008). May-han’s bare allegations are insufficient to prove that he received ineffective assistance of counsel. Thus, we find that the trial court did not err by dismissing this claim. This issue is without merit.
 

 II. Intelligent and Voluntary Guilty Plea
 

 ¶ 11. Mayhan argues that his first attorney misrepresented the length of his potential sentence, stating that he could be in prison for the rest of his life if he went to trial and was convicted. Mayhan contends that his first attorney informed him that he would only receive probation and a fine if he pled guilty. Mayhan claims that he only entered his guilty plea due to fear, deception, and improper inducements.
 

 ¶ 12. As previously mentioned, Mayhan failed to submit any affidavits or other evidence to the trial court to support his claim. The trial court found that Mayhan’s claims were without merit based on the plea colloquy in the record.
 

 ¶ 13. The plea colloquy shows that the trial court thoroughly explained to Mayhan the effects of his
 
 Alford
 
 plea and assured Mayhan that he could proceed to trial if he wished. Mayhan acknowledged that he understood the consequences of entering a guilty plea, and he denied that he was coerced or threatened to enter a guilty plea. Despite the statements he made during his guilty plea proceeding, Mayhan contends that he was coerced into entering a guilty plea because his first attorney told him that he could be in prison for the rest of his life if he did not plead guilty. The law is clear that “[t]he fact that a defendant pled guilty because he feared a harsher sentence otherwise, does not render the plea involuntary.”
 
 Robinson,
 
 964 So.2d at 612(9) (quoting
 
 Jones v. State,
 
 922 So.2d 31, 35(10) (Miss.Ct.App.2006)). Thus, whether Mayhan pled guilty to avoid a harsher sentence does not render his plea involuntary.
 

 ¶ 14. Furthermore, the plea colloquy reflects that the trial court thoroughly informed Mayhan that he faced a mandatory minimum sentence of two years in prison, with a maximum sentence of fifteen years in prison, and informed him of all applicable fines.
 
 See
 
 Miss.Code Ann. § 97-5-23(1). This Court has held that “[w]here the court correctly explains the potential penalty at a plea hearing, any harm resulting from prior erroneous advice is ameliorated[,] and the error can no longer afford the petitioner post-conviction relief.”
 
 *1077
 

 Daughtery,
 
 847 So.2d at 289(21) (citing
 
 Roland v. State,
 
 666 So.2d 747, 750 (Miss.1995)). Because the trial court properly informed Mayhan of his potential sentence, we find that the trial court did not err by finding that Mayhan entered an intelligent and voluntary guilty plea. This issue is without merit.
 

 III. Acceptance of Mayhan’s Guilty Plea
 

 ¶ 15. Mayhan argues that the trial court erred by accepting his guilty plea for two reasons: (1) it was evident that he did not want to enter a guilty plea, and (2) the trial court failed to establish the required factual basis for his guilty plea.
 

 ¶ 16. In the order dismissing Mayhan’s motion for post-conviction relief, the trial court did acknowledge that May-han was hesitant in entering his guilty plea. However, a review of the record shows that the trial court explained to Mayhan several times that he could proceed to trial if he wished. Mayhan assured the trial court that he thought it was in his best interest to enter a guilty plea and declined to go to trial. Based on the foregoing, we do not find that the trial court erred by accepting Mayhan’s guilty plea.
 

 ¶ 17. Next, Mayhan claims that the trial court did not establish whether there was a factual basis for his guilty plea. The law is clear that a trial court may accept a defendant’s guilty plea as long as the trial court determines that there is sufficient evidence, if so required, to prove the defendant’s guilt.
 
 Ray v. State,
 
 876 So.2d 1032, 1035(12) (Miss.Ct.App.2004) (citing
 
 Corley v. State,
 
 585 So.2d 765, 767 (Miss.1991)). During the guilty plea proceeding, the State informed the trial court that it was prepared to prove that between June 1, 2004, and July 30, 2005, Mayhan fondled a seven-year-old child on numerous occasions. The State was prepared to present two witnesses — a forensic psychologist, who interviewed the child, and a family friend, who learned of the abuse from Mayhan’s wife.
 

 ¶ 18. During the guilty plea proceeding, Mayhan denied that those alleged incidents had occurred. However, Mayhan entered an
 
 Alford
 
 plea. By entering an
 
 Alford
 
 plea, although maintaining his innocence, Mayhan intelligently and voluntarily consented to a prison sentence.
 
 Cole,
 
 918 So.2d at 892-93(4) (citing
 
 Alford,
 
 400 U.S. at 37, 91 S.Ct. 160 allows “[a]n individual accused of a crime [to] voluntarily, knowingly, and understandably consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime”).
 

 ¶ 19. A review of the record clearly shows that the trial court ascertained that Mayhan understood the effects of his
 
 Alford
 
 plea. The record also establishes a factual basis for Mayhan’s guilty plea. Thus, we find that the trial court did not err by accepting Mayhan’s guilty plea. This issue is without merit.
 

 IV. Summary Dismissal of Motion for Post-Conviction Relief
 

 ¶ 20. Mayhan argues that the trial court abused its discretion by summarily dismissing his motion for post-conviction relief because he had affidavits from several people to support his claims. As previously mentioned, Mayhan failed to attach these affidavits to his motion for post-conviction relief. These affidavits were attached to his motion to reconsider, which Mayhan did not file until after he had filed his notice of appeal to this Court. Mayhan maintains that his second attorney was at fault for the missing affidavits, and he contends that the trial court should have held an evidentiary hearing on the matter.
 

 
 *1078
 
 ¶21. Before summarily dismissing a motion for post-conviction relief, the trial court must examine “[t]he original motion, together with all the files, records, transcripts and correspondence relating to the judgment under attack[.]” Miss.Code Ann. § 99-39-11(1) (Rev.2007). “Summary dismissal of a [motion] for post-conviction relief is proper ‘if it plainly appears’ from the record ‘that the movant is not entitled to any relief....’”
 
 Winston v. State,
 
 893 So.2d 274, 276(6) (Miss.Ct.App.2005) (citations omitted).
 

 ¶ 22. Mayhan filed his motion for post-conviction relief on December 21, 2006. The trial court ruled on the motion on August 31, 2007. In its order, the trial court noted that Mayhan’s second attorney was contacted regarding the missing affidavits. However, no affidavits had been submitted to the trial court by the time the trial court ruled on Mayhan’s motion. Therefore, based on the lack of any affidavits or other evidence to support Mayhan’s claims, we find that the trial court properly summarily dismissed Mayhan’s motion for post-conviction relief.
 

 ¶ 23. Furthermore, while Mayhan has provided this Court with copies of the affidavits, this Court is limited to the trial court record when reviewing a claim on appeal.
 
 Gonzales v. State,
 
 915 So.2d 1108, 1110(5) (Miss.Ct.App.2005). Since Mayhan failed to provide these affidavits to the trial court before the trial court ruled on his motion, we will not consider these affidavits on appeal. This issue is without merit.
 

 ¶ 24. THE JUDGMENT OF THE CIRCUIT COURT OF DESOTO COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ„ CONCUR.
 

 [1]
 

 .
 
 North Carolina v. Alford,
 
 400 U.S. 25, 37, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).