GRIFFIS, P.J.,
for the Court:
¶ 1. Da’rekus Rush appeals the dismissal of his motion for post-conviction collateral relief (“PCCR”). Rush argues that (1) his claim is not barred by the three-year statute of limitations, and (2) his sentence is illegal based on a clerical error. We find no error and affirm.
FACTS
¶ 2. On April 1, 2002, Rush pleaded guilty to burglary of a dwelling under Mississippi Code Annotated section 97-17-23 (Supp.2012). Rush was sentenced to serve ten years in the custody of Mississippi Department of Corrections. The court ordered that Rush be released after he had served one year in prison, with the remainder of his sentence to be suspended until he had completed five years of supervised release.
¶ 3. On April 28, 2004, Rush’s probation was revoked. Rush was ordered to serve the nine years that remained on his prison sentence.
¶ 4. On May 13, 2011, Rush filed his motion where he claimed that he was illegally sentenced because the judge who signed the revocation order was not the same judge who presided over Rush’s probation-revocation hearing. On March 27, 2012, the circuit court dismissed the motion. The court held that it did not have jurisdiction to hear Rush’s motion because it was not timely filed. The court also examined the merits of Rush’s claim and found it had no merit. The court determined that then Circuit Judge Larry Roberts had presided over the hearing and signed the order; the order merely con *86 tained a clerical error in the first paragraph that stated Circuit Judge Robert Bailey had presided over the revocation hearing. It is from this order that Rush now appeals.
STANDARD OF REVIEW
¶ 5. We will not reverse a trial court’s dismissal of a PCCR motion unless the trial court’s decision was clearly erroneous. Madden v. State, 75 So.3d 1180, 1131 (¶ 6) (Miss.Ct.App.2011) (citation omitted). When reviewing questions of law, this Court’s standard of review is de novo. Id. (citation omitted).
ANALYSIS

I. Whether Rush’s claim is procedurally barred by the three-year statute of limitations.

¶ 6. Rush argues that his claim is not procedurally barred by the three-year statute of limitations. Mississippi Code Annotated section 99-39-5(2) (Rev.2007) provides that in the case of a guilty plea, a PCCR motion must be made within three years after the entry of the judgment of conviction. The statute of limitations may be waived if there is: (1) an intervening decision by the United States or Mississippi Supreme Court that would have adversely affected the outcome of the ease; (2)exonerating newly discovered evidence; or (3) a claim by the prisoner that his sentence has expired or his conditional release has been unlawfully revoked. Miss.Code Ann. § 99-39-5(2).
¶ 7. Rush’s judgment of conviction was entered on April 1, 2002. The order that revoked his probation was entered on April 28, 2004. Rush’s motion was filed on May 13, 2011. Thus, the motion was filed more than nine years after his conviction and seven years after his probation was revoked. Rush’s motion was not filed within the three-year statute of limitations, and he has not asserted that any of the statutory exceptions apply to his case. Accordingly, we find no merit to this issue. The circuit court was correct to determine that the motion was not timely filed.

II. Whether Rush’s probation revocation was proper.

¶ 8. Notwithstanding the procedural bar, we also address the merits of Rush’s claim. Rush argues that the order that revoked his probation was an illegal order. He claims the judge that presided over his probation-revocation hearing was not the same judge that signed the probation-revocation order. The body of the order states, in pertinent part: “This matter came to be heard in this cause upon Petition for Revocation filed by William Lucy, a Field Officer with the Mississippi Department of Corrections, before Honorable Robert Bailey, Circuit Court Judge.” Yet the order was signed by Circuit Judge Larry Roberts.
¶ 9. In a similar case, this Court held that a sentencing order was not void when it stated a different defendant’s name in the body of the order. Issac v. State, 968 So.2d 951, 956 (¶¶ 16-17) (Miss.Ct.App. 2007). The error was not reversible because it was merely a scrivener’s or clerical error. Id.
¶ 10. The transcript from the hearing clearly states that Circuit Judge Larry Roberts presided over Rush’s probation-revocation hearing. In addition, Judge Roberts also signed the order. Although the order referenced Judge Bailey, it was correctly signed by the judge who heard the case and decided the issues presented. As in Issac, the error in the order is merely a scrivener’s or clerical error. As such, we find no merit to this issue and affirm.
*87 ¶11. THE JUDGMENT OF THE LAUDERDALE COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION COLLATERAL RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LAUDERDALE COUNTY.
LEE, C.J., IRVING, P.J., BARNES, ISHEE, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR. ROBERTS, J., NOT PARTICIPATING.