KING, C. J.,
 

 for the Court.
 

 ¶ 1. Allen Smith pled guilty to murder. The Yazoo County Circuit Court sentenced Smith to serve a term of life imprisonment in the custody of the Mississippi Department of Corrections (MDOC). Smith later filed a motion for post-conviction relief, which the trial court dismissed. Smith timely filed this appeal, raising the following three issues:
 

 I. Whether he received ineffective assistance of counsel;
 

 II. Whether he made an intelligent and voluntary guilty plea; and
 

 III. Whether the trial court erred by denying his request for a copy of his guilty plea transcript.
 

 We find no error and affirm the trial court’s dismissal.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. On August 2, 2004, Smith pled guilty to murder for the multiple stabbing death of Mabel Fisher. The Yazoo County Circuit Court sentenced Smith to serve a term of life imprisonment. Beginning in 2006, Smith wrote several letters to his trial counsel, the circuit clerk, and the trial judge.
 

 ¶ 3. Smith wrote a letter to his trial counsel, asking counsel to file a motion for post-conviction relief on his behalf. Later, Smith filed a bar complaint against his trial counsel, alleging misrepresentation, misconduct, and dishonesty. Smith also wrote a letter to the circuit clerk, requesting a copy of his plea transcript. The circuit clerk informed Smith that he had to pay for a copy of his plea transcript before
 
 *939
 
 it would be released to him. Smith responded and said that his sister would pay the cost and pick up the transcript for him. The circuit clerk responded and told Smith that he had to obtain permission from the trial judge to have his guilty plea proceeding transcribed, and the cost had to be paid before it would be transcribed. Thereafter, Smith wrote a letter to the trial judge and requested a free copy of his plea transcript.
 

 ¶ 4. On July 19, 2007, Smith filed a motion for post-conviction relief, arguing the following three issues: (1) the trial court erred by denying his request for his guilty plea transcript; (2) he received ineffective assistance of counsel; and (3) his guilty plea was not made intelligently and voluntarily. The details of these allegations will be discussed below. The trial court found that Smith was on a fishing expedition and stated no grounds to justify why he should receive a free copy of his guilty plea transcript. The trial court also found that Smith’s broad accusations of ineffective assistance of counsel and entering an invalid guilty plea were without merit. Thus, the trial court dismissed Smith’s motion. Aggrieved, Smith timely filed this appeal.
 

 ANALYSIS
 

 ¶ 5. This Court will not disturb a trial court’s dismissal post-conviction relief unless it was clearly erroneous.
 
 Williams v. State,
 
 872 So.2d 711, 712(2) (Miss.Ct.App. 2004). However, issues of law are reviewed de novo.
 
 Brown v. State,
 
 781 So.2d 595, 598(6) (Miss.1999).
 

 I. Whether Smith received ineffective assistance of counsel.
 

 ¶ 6. To succeed on a claim of ineffective assistance of counsel, a defendant must prove two things: (1) that his counsel’s performance was deficient, and (2) that counsel’s deficit representation prejudiced his defense.
 
 Cole v. State,
 
 918 So.2d 890, 894(10) (Miss.Ct.App.2006) (citing
 
 Strickland v. Washington,
 
 466 U.S. 668, 687,104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). If the defendant pled guilty on the advice of counsel, he must prove that counsel committed “unprofessional errors of substantial gravity.”
 
 Id.
 
 (citing
 
 Reynolds v. State,
 
 521 So.2d 914, 918 (Miss.1988)). There is a strong but rebuttable presumption that trial counsel performed within the accepted range of competence required of attorneys in criminal cases.
 
 Baldwin v. State,
 
 923 So.2d 218, 222(12) (Miss.Ct.App. 2005) (citations omitted). A defendant may rebut this presumption by showing that, but for counsel’s errors and deficient performance, he would not have pled guilty.
 
 Cole,
 
 918 So.2d at 894(10) (citing
 
 Reynolds,
 
 521 So.2d at 918).
 

 ¶ 7. Smith argues that his trial counsel was ineffective because she only spoke to him once before he entered his guilty plea. He also claims that counsel failed to investigate his case. If she had done so, Smith claims that counsel would have discovered that Fisher’s murder was the result of a fatal accident, and she would not have encouraged him to plead guilty. Smith believes that the outcome of his case would have been different if he had proceeded to trial on this defense. Smith also claims that his counsel was ineffective by improperly insisting that he plead guilty because he was a convicted felon and by telling him that he could face up to two life sentences or the death penalty. The State argues that the trial court did not err by dismissing Smith’s motion for post-conviction relief because Smith failed to meet the requirements of the
 
 Strickland
 
 test.
 

 ¶ 8. We find that Smith’s bald allegations of ineffective assistance of counsel are insufficient to pass the
 
 Strickland
 
 test. Mississippi Code Annotated section 99-39-9(l)(e) (Rev.2007) provides in part that
 
 *940
 
 “[affidavits of the witnesses who will testify and copies of documents or records that will be offered shall be attached to the motion.” The statute further provides that a defendant may be excused from this requirement if he can show good cause why he cannot obtain the requested documents.
 
 Id.
 
 Smith did not attach any supporting affidavits to his motion for post-conviction relief, nor did he name any potential witnesses that counsel could have interviewed. Smith claims that he could not provide the affidavits because he did not have a copy of his plea transcript. We fail to discern this logic.
 

 ¶ 9. This Court has held that “[summary dismissal of a petition for post-conviction relief is proper ‘if it plainly appears’ from the record ‘that the movant is not entitled to any relief....’”
 
 Winston v. State,
 
 893 So.2d 274, 276(6) (Miss.Ct.App. 2005) (citations omitted). Smith’s allegations of ineffective assistance of counsel consist solely of his bare assertions because he failed to provide evidence in support of his allegations. Also, Smith’s explanation — that he did not have a copy of his plea transcript — is insufficient to demonstrate good cause why he should be excused from this requirement. There exists a rebuttable presumption that Smith’s counsel performed with competence, and we find no reason to hold otherwise. Thus, we find that the trial court did not err by dismissing Smith’s claim of ineffective assistance of counsel.
 

 II. Whether Smith made an intelligent and voluntary guilty plea.
 

 ¶ 10. To enter a valid guilty plea, the defendant must be informed of the charges against him, the consequences of entering the plea, the rights that he waives upon entering the plea, and the maximum and minimum sentence he can receive for the crime.
 
 Baldwin,
 
 923 So.2d at 220-21(7) (quoting URCCC 8.04(A)(3) and (4)). This Court will not disturb the trial court’s finding that the defendant entered a knowing and voluntary plea unless it is clearly erroneous.
 
 Kelley v. State,
 
 913 So.2d 379, 382(5) (Miss.Ct.App.2005) (citing
 
 State v. Tokman,
 
 564 So.2d 1339, 1341 (Miss.1990)).
 

 ¶ 11. Smith argues that counsel’s alleged ineffective assistance forced him to enter an unknowing and involuntary guilty plea. Smith maintains that he would not have pled guilty if he had known that he could have received a lesser sentence. He also argues that he did not enter a valid guilty plea because he did not have a copy of his plea transcript.
 

 ¶ 12. Smith does not claim that he was not informed of the charges filed against him, the consequences of his plea, his waiver of certain rights, or the possible sentence he could have received for pleading guilty to Fisher’s murder. Smith’s argument stems from his allegation that trial counsel failed to investigate his case. Smith maintains that with proper investigation he could have proceeded to trial and possibly received a conviction of manslaughter. However, as we held in the previous assignment of error, we find that Smith failed to make a showing of ineffective assistance of counsel under
 
 Strickland.
 
 Additionally, Smith fails to cite to any authority to support his argument that his guilty plea was not valid because he did not have a copy of his plea transcript. We find that Smith’s argument is without merit. Therefore, we find that the trial court did not err by dismissing Smith’s claim that his guilty plea was invalid.
 

 III. Whether the trial court erred by denying Smith’s request for a copy of his guilty plea transcript.
 

 ¶ 13. The trial court may grant a defendant’s request for a free copy of his guilty plea transcript if his motion for post-conviction relief survives summary
 
 *941
 
 dismissal and if good cause is shown.
 
 Kemp v. State,
 
 904 So.2d 1137, 1139(11) (Miss.Ct.App.2004) (citations omitted). If the defendant fails to demonstrate a specific need for his guilty plea transcript or fails to demonstrate that the transcript was necessary to decide a specific issue, the trial court is not required to give the defendant a copy of the transcript free of charge.
 
 Id.
 
 at (13) (citing
 
 Fleming v. State,
 
 553 So.2d 505, 507 (Miss.1989)).
 

 ¶ 14. Smith argues that he needed a copy of his guilty plea transcript so that he could fight his illegal sentence. However, Smith never argues that he received an illegal sentence. Smith also claims that he could not obtain affidavits to support his claim of ineffective assistance of counsel because he did not have a copy of his guilty plea proceeding. We find that Smith’s arguments are without merit.
 

 ¶ 15. We find that Smith failed to plead the issue of ineffective assistance of counsel with specificity, and he failed to demonstrate that his guilty plea was invalid. Therefore, the trial court properly dismissed Smith’s claims. Since Smith’s motion for post-conviction relief did not survive summary dismissal, he was not entitled to a free copy of his guilty plea transcript. Thus, we find that the trial court did not err by denying Smith’s request.
 

 CONCLUSION
 

 ¶ 16. We find that the trial court did not err by dismissing Smith’s motion for post-conviction relief because Smith failed to plead his claim of ineffective assistance of counsel with specificity and failed to show that his guilty plea was invalid. Since Smith’s motion for post-conviction relief did not survive summary dismissal, we find that the trial court did not err by denying his request for a free copy of his guilty plea transcript.
 

 ¶ 17. THE JUDGMENT OF THE CIRCUIT COURT OF YAZOO COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.