MYERS, P.J.,
 

 for the Court:
 

 ¶ 1. On December 13, 2001, Anthony Nick was indicted on two counts: forcible rape and sexual battery. Pursuant to a plea agreement, on September 13, 2005, Nick waived indictment and pleaded guilty to aggravated assault. The rape and sexual battery counts were remanded to the file. Following the agreed recommendation, the circuit court sentenced Nick to twenty years’ imprisonment, to be served consecutively with other sentences he was serving at the time of the plea hearing.
 

 ¶ 2. Nick filed the instant motion for post-conviction relief (PCR) on August 7, 2006. After Nick sought and received a writ of mandamus, the circuit court ruled on the PCR motion on April 20, 2009, dismissing it without an evidentiary hearing. Nick appeals, arguing that the circuit court erred in denying relief on several grounds.
 

 STANDARD OF REVIEW
 

 ¶ 3. “On appeal, this Court will affirm the summary dismissal of a PCR petition if the petitioner has failed to demonstrate a claim proeedurally alive substantially showing the denial of a state or federal right.”
 
 Robinson v. State,
 
 19 So.3d 140, 142 (¶ 6) (Miss.Ct.App.2009) (internal quotations omitted). This Court reviews the dismissal of a PCR motion for an abuse of discretion.
 
 Willis v. State,
 
 904 So.2d 200, 201 (¶ 3) (Miss.Ct.App.2005). But we will reverse and remand for a hearing if the movant has “alleged facts which require further inquiry in the expanded setting of an evidentiary hearing.”
 
 Mitchener v. State,
 
 964 So.2d 1188, 1192-93 (¶ 10) (Miss.Ct.App.2007) (quoting
 
 Jones v. State,
 
 949 So.2d 872, 873 (¶3) (Miss.Ct.App.2007)).
 

 DISCUSSION
 

 1. Speedy Trial; Statute of Limitations; Illegal Sentence
 

 ¶ 4. Nick argues that he was denied his right to a speedy trial and that the information for aggravated assault, which he pled guilty to, was filed outside the statute of limitations. We find both arguments without merit, as a valid guilty plea waives all non-jurisdictional rights or defects which are incident to the trial.
 
 Madden v. State,
 
 991 So.2d 1231, 1237 (TT 25) (Miss.Ct.App.2008). This includes both the right to a speedy trial,
 
 id.,
 
 and the statute of limitations in a criminal case,
 
 Edmondson v. State,
 
 17 So.3d 591, 596 (¶ 11) (Miss.Ct.App.2009). Moreover, it is undisputed that Nick committed the al
 
 *412
 
 leged acts on November 3, 2000, well after the Legislature abolished the former two-year statute of limitations for aggravated assault in 1998.
 
 See
 
 Miss.Code Ann. § 99-1-5 (Supp.2009).
 

 ¶ 5. Nick also argues, correctly, that an illegal sentence could not have been similarly waived by his guilty plea. But he simply asserts that his sentence was illegal, without any supporting arguments. Nick implies that his arguments regarding his right to a speedy trial and the statute of limitations demonstrated that the sentence was “illegal,” but as we have already stated, those rights were non-jurisdictional and were properly waived by the entry of a valid guilty plea. We find nothing in the record suggesting that Nick’s sentence was illegal. These issues are without merit.
 

 2. Ineffective Assistance of Counsel
 

 ¶ 6. Nick argues that he received constitutionally ineffective assistance of counsel. “In order to prevail on the issue of whether his defense counsel’s performance was ineffective, [the petitioner] must prove that his counsel’s performance was deficient and that he was prejudiced by counsel’s mistakes.”
 
 Kinney v. State,
 
 737 So.2d 1038, 1041 (¶8) (Miss.Ct.App.1999) (citing
 
 Strickland v. Washington,
 
 466 U.S. 668, 687-96, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). A petitioner is required to “allege both prongs of the above test with specific detail.”
 
 Coleman v. State,
 
 979 So.2d 731, 735 (¶ 15) (Miss.Ct.App.2008) (citing
 
 Brooks v. State,
 
 573 So.2d 1350, 1354 (Miss.1990)). The burden of proof for both prongs rests with the defendant.
 
 McQuarter v. State,
 
 574 So.2d 685, 687 (Miss.1990).
 

 ¶ 7. Nick first argues that his attorneys should have more thoroughly investigated his case and presented mitigating evidence at his sentencing. However, he offers no supporting evidence and no further elaboration as to what mitigating evidence should have been offered. The Mississippi Supreme Court has held that, in cases involving post-conviction relief, “where a party offers only his affidavit, then his ineffective assistance of counsel claim is without merit.”
 
 Vielee v. State,
 
 653 So.2d 920, 922 (Miss.1995).
 

 ¶ 8. Nick next argues that his trial counsel should have advised him that he would be sentenced as a habitual offender. We find no ineffective assistance of counsel in this respect because it is clear from the record that Nick was not, in fact, sentenced as a habitual offender.
 

 ¶ 9. Nick’s final argument under this issue is largely a rehashing of his prior arguments concerning the statute of limitations. As we stated above, Nick waived his right to a speedy trial. We note also that Nick pleaded guilty to aggravated assault, which carries a lesser sentence than rape, for which he was originally charged. Nick offers no evidence that he would have obtained a better result had his attorney further pursued the speedy trial argument. Moreover, we have previously held that the decision not to pursue a speedy trial violation is not ineffective assistance if a defendant waives his right to a speedy trial by pleading guilty.
 
 Madden,
 
 991 So.2d at 1237 (¶¶ 25-26). This issue is without merit.
 

 3. Evidentiary Hearing; Conclusion
 

 ¶ 10. Nick’s final argument is that the circuit court erred in dismissing his PCR motion without an evidentiary hearing. To be entitled to an evidentiary hearing, “a petitioner must demonstrate, by affidavit or otherwise, that there are unresolved issues of fact that, if concluded favorably to the petitioner, would warrant relief.”
 
 McCuiston v. State,
 
 758 So.2d 1082,
 
 *413
 
 1085 (¶ 9) (Miss.Ct.App.2000). A circuit court may summarily dismiss a PCR motion “[i]f it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the mov-ant is not entitled to any relief.” Miss. Code Ann. § 99-89-11(2) (Supp.2009).
 

 ¶ 11. Nick’s argument on this issue is again largely a rehashing of the arguments we have previously addressed and rejected. He adds, however, that if the circuit court had reviewed the transcript of the plea hearing,
 
 [1]
 
 it would have noted what he alleges are several deficiencies. None of these claims were made in Nick’s original PCR motion and as such, they are proeedurally barred on appeal. “A trial judge cannot be put in error on a matter which was not presented to him for decision.”
 
 Ponder v. State,
 
 385 So.2d 885, 886 (Miss.1976). Notwithstanding the procedural bar, we shall address these assertions.
 

 ¶ 12. Nick first argues that the circuit court failed to advise him during the plea colloquy of his right to a speedy trial. We note that, as in
 
 Hardin v. State,
 
 966 So.2d 844, 847 (¶ 7) (Miss.Ct.App. 2007), this was not error because the circuit court advised Nick that he was waiving his right to a trial. Nick also executed a petition to plead guilty that explicitly stated he had a right to a speedy trial and that he would waive that right by pleading guilty. Nick next alleges that the circuit court failed to advise him of his right to call witnesses, if he were to go to trial, but this is plainly contradicted by the transcript.
 

 13. Nick’s final argument is that the circuit court should have advised him of his right to directly appeal his sentence. When Nick pleaded guilty, section 99-35-101 of the Mississippi Code Annotated (Rev.2007) denied an appeal from the circuit court to the supreme court “in any case where the defendant enters a plea of guilty.”
 
 [2]
 
 However, this section was not interpreted to deny the defendant the right to appeal the sentence given as a result of that plea.
 
 See Trotter v. State,
 
 554 So.2d 313, 315 (Miss.1989) (“an appeal from a sentence imposed pursuant to a guilty plea is not equivalent to an appeal from the guilty plea itself’). Nonetheless, the circuit court is not required to inform the defendant of his right to a direct appeal of his sentence after he enters a guilty plea.
 
 Cook v. State,
 
 990 So.2d 788, 793 (¶ 11) (Miss.Ct.App.2008). We conclude that all of Nick’s arguments are procedurally barred and without merit.
 

 ¶ 14. We can find no abuse of discretion in the circuit court’s decision not to grant an evidentiary hearing.
 

 ¶ 15. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HINDS COUNTY.
 

 
 *414
 
 KING, C.J., LEE, P.J., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.
 

 [1]
 

 . It is unclear whether the circuit court had a transcript of the plea colloquy while considering Nick’s PCR motion. Nick urges that it did not, and he appears to suggest that the circuit court should have produced a copy of the transcript on its own motion. This argument would be without merit.
 
 See Smith v. State,
 
 1 So.3d 937, 941 (¶ 13) (Miss.Ct.App. 2009).
 

 [2]
 

 . Section 99-35-101 of the Mississippi Code Annotated has been amended, effective July 1, 2008, to provide that "where [a] defendant enters a plea of guilty and is sentenced, then no appeal from the circuit court to the Supreme Court shall be allowed.” Miss.Code Ann. § 99-35-101 (Supp.2009).