ROBERTS, J.,
for the Court:
¶ 1. On November 18, 2010, Reuben Williams appeared with his court-appointed attorney before the Leflore County Circuit Court and pled guilty to one count of aggravated domestic violence. On a later date, the circuit court sentenced Williams to twenty years in the custody of the Mississippi Department of Corrections (MDOC), with fifteen years to serve and five years of post-release supervision (PRS). Williams filed his motion for post-conviction relief (PCR) on September 20, 2011, and the circuit court summarily dismissed the PCR motion on April 13, 2012. It is from this summary dismissal that Williams now appeals.
FACTS AND PROCEDURAL HISTORY
¶ 2. A Leflore County grand jury indicted Williams on May 26, 2010, on one count of rape, one count of felon in possession of a firearm, one count of aggravated domestic violence, and one count of kidnapping. All charges stemmed from an April 15, 2009 incident in which Williams attacked Lakivia Greenleaf, the biological mother of his two children. After plea negotiations, Williams pled guilty to one count of aggravated domestic violence in exchange for the dismissal of the remaining three counts. Williams’s indictment for aggravated domestic violence stated:
That [Williams] ... did unlawfully, willfully, purposely and knowingly and felo-niously attempt to cause or cause bodily harm to [Greenleaf], a person with whom [Williams] has had a biological child, by striking her about her head and face with a handgun, a means likely to produce death or serious bodily harm, in violation of [Mississippi Code Annotated section 97-3-7(4) (Supp.2012) ]....
At Williams’s plea hearing, the State asserted that at trial it would prove that Williams did “willfully and unlawfully attempt to cause or cause bodily harm to [Greenleaf], a person with whom [Williams] has a biological child, by striking her about her head and face with a handgun, a means likely to produce death or serious bodily harm.” Williams’s attor *407 ney stated that the facts presented by the State were true, “[w]ith the exception of the [use of a] handgun.... [I]t may be an aggravating ... circumstance that the victim wants to bring up in sentencing, but ... we do agree that he struck her, we do agree it was aggravated, [and] we do agree that it was domestic violence.” The circuit court asked Williams whether he accepted the State’s statement of facts, with the qualification his attorney had stated, as true. Williams responded: “Yes, sir.” The circuit court accepted Williams’s guilty plea. Subsequently, Williams was sentenced to twenty years in the custody of the MDOC, with fifteen years to serve and five years of PRS.
¶ 3. Williams filed his PCR motion on September 20, 2011. The circuit court addressed each issue raised and found them all to lack merit. As a result, the circuit court summarily dismissed Williams’s PCR motion, finding that it plainly appeared from the face of the PCR motion and record that Williams was not entitled to any relief. It is from this summary dismissal that Williams now appeals. On appeal, he raises the following issues:
I. Whether the [circuit court] erred in not granting [his] motion to dismiss after [the] State failed to indict [him] in 270 days in violation of his constitutional right to [a] speedy trial.
II. Whether the [circuit court] erred in allowing [him] to plead guilty to [aggravated domestic violence] with the use of hands after [he] was indicted for [aggravated domestic violence] with the use of a deadly weapon.
III. Whether [the circuit judge] erred in sentencing [him] to [the maximum] allowed by law when [the] evidence [did not] support aggravated assault[.]
IV. Whether [the circuit court] erred in illegally amending [his] indictment changing [the substance of the indictment],
V. Whether [the circuit court] erred in not granting [his] motion for an evidentiary hearing.
VI. Whether [the circuit court] erred in not dismissing [the aggravated domestic violence] charge and [reducing it] to the lesser included offense of simple domestic violence, after deadly weapon [language] was dismissed [from the indictment] and “serious” [was no longer] a modifier of the injury....
VII. [Whether the trial court erred] in allowing [the] victim to mention two of the dismissed charges at [his] sentencing hearing.
¶ 4. Although Williams raises these issues, for the sake of clarity and judicial economy, we will combine several issues. Additionally, some issues outlined above were not addressed in Williams’s brief; therefore, we will not address them in this appeal.
STANDARD OF REVIEW
¶ 5. In State v. Santiago, 773 So.2d 921, 923-24 (¶ 11) (Miss.2000), the Mississippi Supreme Court stated that “a trial court may summarily dismiss a petition for PCR, without having held an evi-dentiary hearing, when it is clear that the petitioner is not entitled to relief under the [Uniform Post-Conviction Collateral Relief Act].” The supreme court further elaborated by stating that the “dismissal of a PCR motion is proper where ‘it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.’ ” Id. at 924 (¶ 11) (quoting Turner v. State, 590 So.2d 871, 874 (Miss.1991)). Questions of law receive *408 a de novo review. Russell v. State, 73 So.3d 542, 544 (¶ 5) (Miss.Ct.App.2011) (citing Williams v. State, 872 So.2d 711, 712 (¶ 2) (Miss.Ct.App.2004)).
ANALYSIS
I. INDICTMENT
¶ 6. Several of Williams’s arguments focus on his concerns about his indictment. He argues that his indictment was substantively amended when the circuit court accepted his guilty plea with the qualification that he disputed that he struck Green-leaf with a handgun. As a result of this qualification, Williams contends that he should not have been allowed to plead guilty to aggravated domestic violence once the handgun language was removed from the indictment.
¶ 7. First, we do not find anything in the record to evince that Williams’s indictment was amended, either substantively or as to form. The handgun language remained in the indictment even though Williams may dispute that he struck Greenleaf with a handgun. Mississippi permits defendants to enter Alford pleas, also known as best-interest pleas. See North Carolina v. Alford, 400 U.S. 25, 37, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). This type of plea allows a defendant to acknowledge that the State has sufficient evidence for him to be found guilty beyond a reasonable doubt, but still maintain his innocence. Sims v. State, 102 So.3d 1227, 1230 n. 1 (Miss.Ct.App.2012). Although it is not clear whether this was an Alford plea, the circuit court was permitted to accept Williams’s guilty plea even though he may have factually disputed striking Greenleaf with a handgun. See Alford, 400 U.S. at 37, 91 S.Ct. 160. Therefore, Williams’s claim that the indictment was improperly amended is without merit, as it was never actually amended.
 ¶ 8. Next, Williams claims that he should not have been permitted to plead guilty to aggravated domestic violence when he only used his hands, and not a handgun, to strike Greenleaf. He contends that, at most, he could have been permitted to plead guilty to simple domestic violence. Williams pled guilty to aggravated domestic violence with the qualification that he did not use a handgun. However, when questioned about his guilt, Williams agreed with his attorney’s statement that while Williams disputed the use of the handgun, he admitted that he “struck [Greenleaf], ... it was aggravated, [and] ... it was domestic violence.” “Solemn declarations made in open court under the trustworthiness of the official oath carry a strong presumption of verity.” Rodolfich v. State, 858 So.2d 221, 223 (¶ 8) (Miss.Ct.App.2003) (citing Baker v. State, 358 So.2d 401, 403 (Miss.1978)).
¶ 9. Further, the use of a weapon is not a necessary element of aggravated domestic violence. Rather, it is sufficient if the use of one’s hands or fists “constitutes a ‘means likely to produce either death or serious bodily harm.’ ” Sellers v. State, 108 So.3d 456, 459 (¶ 7) (Miss.Ct.App.2012) (quoting Jackson v. State, 594 So.2d 20, 24 (Miss.1992)). The State does not have to prove that the victim suffered serious bodily injury, as “[m]ere ‘bodily injury’ is sufficient so long as it was caused with ‘other means likely to produce death or serious bodily harm.’” Id. Although the record does not contain Williams’s sentencing hearing transcript, the record does show that Greenleaf, pregnant at the time, was sent to the emergency room as a result of Williams’s attack and suffered an injury to her right eye and a serious laceration to her head requiring four staples to close the wound. Given Williams’s agreement at his guilty-plea hearing that he struck Green-leaf, that the assault was aggravated, and *409 that it was domestic violence, coupled with the evidence of Greenleafs injuries, we cannot find that this issue has merit.
II. CONSTITUTIONAL VIOLATIONS
¶ 10. On appeal, Williams argues that his right to a speedy trial was violated, his sentence was cruel and unusual, and he received ineffective assistance of counsel.
¶ 11. First, in Williams’s sworn guilty-plea petition, which he signed, he specifically agreed to waive his right to a speedy and public trial by jury. Further, at Williams’s plea hearing, the circuit court explained that Williams had certain constitutional rights, including the right to a speedy trial, and that by pleading guilty, Williams would be waiving these rights. Williams affirmed that he understood the constitutional rights he was giving up by pleading guilty. “A [valid] guilty plea waives all non-jurisdictional rights or defects, ... including the right to a speedy trial.” Fulton v. State, 844 So.2d 1171, 1172 (¶ 4) (Miss.Ct.App.2003) (citing Anderson v. State, 577 So.2d 390, 391 (Miss.1991)). As such, this issue is without merit.
¶ 12. Next, for Williams to be successful in his claim of ineffective assistance of counsel, he must prove that: (1) “counsel’s performance was deficient,” and (2) “the deficient performance prejudiced the defense.” Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Williams argues that his attorney was ineffective in failing to pursue his motion to dismiss for a violation of his right to a speedy trial. The record contains Williams’s motion to dismiss for a violation of his right to a speedy trial that was filed on May 5, 2010. It states that Williams had been in custody for over 350 days and had not yet been indicted. The State filed its response to the motion explaining that it did not receive the lab results until April 8, 2010, and Williams was indicted by the grand jury the next time it convened on May 10, 2010. The State further claimed that Williams was not in any way prejudiced by the delay, and Williams made no claim that his ability to defend himself was impaired by the delay. This Court has stated that “the decision not to pursue a speedy trial violation is not ineffective assistance if a defendant waives his right to a speedy trial by pleading guilty.” Nick v. State, 62 So.3d 409, 412 (¶ 9) (Miss.Ct.App.2010) (citing Madden v. State, 991 So.2d 1231, 1237 (¶¶ 25-26) (Miss.Ct.App.2008)). Further, Williams provides no evidence to show his attorney’s alleged actions caused him to plead guilty, much less that he would have prevailed at trial. Therefore, his claim of ineffective assistance of counsel is without merit.
¶ 13. Lastly, Williams argues that he was subject to cruel and unusual punishment because he received a sentence of twenty years, and other criminals, having committed more serious crimes, have received shorter sentences. At Williams’s plea hearing, the circuit court explained that the maximum sentence for the crime of aggravated domestic violence was twenty years. Sentencing is left to the discretion of the circuit court, and it is not subject to appellate review so long as it is within the minimum and maximum sentences authorized by statute. Nichols v. State, 826 So.2d 1288, 1290 (¶ 10) (Miss.2002). In the present case, twenty years is the maximum sentence authorized; therefore, the circuit court was permitted to sentence Williams to twenty years. This issue is also without merit.
¶ 14. THE JUDGMENT OF THE LE-FLORE COUNTY CIRCUIT COURT *410 DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LEFLORE COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, FAIR AND JAMES, JJ., CONCUR. MAXWELL, J„ CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.