# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-60550
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 20, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

THOMAS WAYNE CLIFTON,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:08-CR-67-1

Before SMITH, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Thomas Wayne Clifton appeals the 48-month sentence he received following the revocation of his supervised release. He argues that his plea, pursuant to *North Carolina v. Alford*, 400 U.S. 25, 37 (1970), to a Mississippi rape charge was insufficient evidence that he violated the mandatory condition of his supervised release that he not commit another federal, state, or local offense.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-60550

A district court may revoke a defendant's supervised release if it finds by a preponderance of the evidence that he has violated a condition of his release. *United States v. Minnitt*, 617 F.3d 327, 332 (5th Cir. 2010); 18 U.S.C. § 3583(e)(3). We review for abuse of discretion. *See Minnitt*, 617 F.3d at 332. Revocation of supervised release does not require proof sufficient to sustain a criminal conviction. *United States v. Spraglin*, 418 F.3d 479, 481 (5th Cir. 2005). Instead, "[a]ll that is required is enough evidence, within a sound judicial discretion," to satisfy the district court that the defendant has violated the terms of his supervised release. *Id.* (internal quotation marks and citation omitted).

Mississippi procedure permits a defendant to enter an *Alford* plea, which allows him to maintain his innocence but concede the State had sufficient evidence to convict him. *See, e.g., Williams v. State*, 119 So. 3d 404, 408 (Miss. Ct. App. 2013). Here, Clifton confirmed that he was entering an *Alford* plea because, based on three days of trial testimony, he would likely be convicted. Given Mississippi's treatment of *Alford* pleas, Clifton's *Alford* plea was sufficient evidence to satisfy the district court that Clifton's conduct had not met the conditions of his supervised release. *See Spraglin*, 418 F.3d at 481; *see United States v. Fleming*, 3 F.3d 437, 1993 WL 347098, *1 (5th Cir. 1993).

Clifton argues that his 48-month sentence, which was above the guidelines policy statement range of 30 to 37 months, was greater than necessary to achieve the 18 U.S.C. § 3553(a) factors. He contends that a sentence within the recommended policy statement range was warranted because prior to incarceration, he was a productive member of society, working at Wal-Mart, and supporting his family, and he had spent four years in state custody and was transferred into the Marshals' custody on the day he was supposed to be released.

No. 14-60550

This court generally reviews "a sentence imposed on revocation of supervised release under a 'plainly unreasonable' standard, in a two-step process." *United States v. Warren*, 720 F.3d 321, 326 (5th Cir. 2013). In conducting this review, this court follows the procedural and substantive considerations that are employed in the review of original sentences, but provides more deference to revocation sentences than to original sentences. *See United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011). As Clifton argues no procedural error, the issue is whether his sentence was substantively reasonable under abuse of discretion review. *See Warren*, 720 F.3d at 326.

The district court may impose any sentence that falls within the appropriate statutory maximum term of imprisonment allowed for the revocation sentence. 18 U.S.C. § 3583(e)(3). In so doing, the district court is directed to consider the factors enumerated in § 3553(a), including the nonbinding policy statements found in Chapter Seven of the Sentencing Guidelines. *United States v. Mathena*, 23 F.3d 87, 90-93 (5th Cir. 1994).

By statute, the maximum term of imprisonment to which the district court could sentence Clifton upon revocation of his supervised release was five years. *See* § 3583(e)(3). Thus, Clifton's sentence was within the statutory maximum. Additionally, the court considered the relevant § 3553(a) factors when it discussed Clifton's policy statement range of imprisonment and Clifton's "history and characteristics." *See* § 3553(a)(1), (a)(4)(B). Thus, Clifton's sentence was not substantively unreasonable.

AFFIRMED.